<u>**AFFIDAVIT IN SUPPOT OF A CRIMINAL COMPLAINT**</u>

I, Danielle Kluger, being first duly sworn, state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been so employed since February 2019. I am currently assigned to the Organized Crime Drug Enforcement Task Force Boston Strike Force, which is a strike force incorporating various law enforcement agencies, including the DEA, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and the U.S. Marshals Service ("USMS"), among other agencies.

2.      I have received specialized training from the DEA Academy at Quantico, Virginia, in the investigation and identification of narcotics traffickers, and have participated in investigations, which have led to the arrests of narcotics traffickers.  I have conducted physical and electronic surveillance, debriefed confidential sources, interviewed witnesses, worked with federal, state, and local narcotic agents and officers, executed search warrants, and analyzed telephone toll records.

3.      Based on my training and experience, I am familiar with the vernacular used by consumers and distributors of illegal narcotics. I have observed numerous types of controlled substances, and I am familiar with the packaging, pricing structure, distribution methods, and street jargon associated with their sale and use. I have also encountered and become familiar with the various tools, methods, trends, and paraphernalia used by drug traffickers and trafficking organizations in their efforts to import, conceal, manufacture, and distribute controlled substances.

4.       I know that it is a violation of 8 U.S.C. § 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security after that date.

## PURPOSE OF AFFIDAVIT

5.       I make this affidavit in support of a criminal complaint against Luis Sanchez Moreta, a/k/a "Grisaldi" ("GRISALDI") charging GRISALDI with unlawful reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (the "Charged Offense").  Based on the facts set forth in this affidavit, there is probable cause to believe that GRISALDI has committed the Charged Offense.

6.       The facts in this affidavit come from my personal observations and review of records, information obtained from other investigators, and my training and experience.  This affidavit is submitted for the limited purpose of demonstrating probable cause for the criminal complaint and does not set forth all of my knowledge about this matter. My interpretations of conversations, conduct, and events detailed herein are based on my training and experience and knowledge of the investigation.  All times set forth herein are approximate.

## PROBABLE CAUSE

7.       GRISALDI is a citizen of the Dominican Republic.  He is not a citizen of the United States.  Based on information and records provided to me by the Department of Homeland Security, GRISALDI has been previously deported from the United States at least five times, including deportations on the May 15, 1997, October 16, 2009, February 17, 2010, June 2, 2010, and April 17, 2018.

8.       On March 24, 2026, federal agents executed a warrant to search GRISALDI's residence located at 6 Glines Ave, Apt. 2, in Roxbury, Massachusetts.  That search warrant was

based on, among other things, multiple controlled drug transactions that were arranged by GRISALDI between June 2025 and March 2026. At the time federal agents executed the warrant, they encountered GRISALDI at his residence. After a Spanish-speaking officer provided GRISALDI with his *Miranda* rights, GRISALDI agreed to speak to agents. GRISALDI admitted to agents that he crossed into the United States from Mexico unlawfully in 2023. GRISALDI stated that he paid about $10,000 to cross the border, and that he crossed from the area of Ciudad Miguel Aleman, Mexico, to Roma, Texas, on the other side of the Rio Grande River. He did not enter through a port of entry and entered the United States without inspection or authorization.

9.     GRISALDI has a criminal history in the United States that includes multiple prior felony drug convictions. For example, in 2014 in Essex Superior Court case no. 2012CR01259, GRISALDI was convicted of trafficking heroin and sentenced to serve six years to six years and a day of imprisonment. Also in 2014 in Suffolk Superior Court case no. 1384CR10102, GRISALDI was convicted of trafficking heroin and sentenced to five years to five years and a day of imprisonment, which ran concurrently with the Essex Superior Court sentence.

10.     According to fingerprint-supported booking records that I have reviewed, GRISALDI was arrested in connection with the Essex Superior Court case on August 18, 2012, at which time he was booked at the Massachusetts State Police barracks in Andover, Massachusetts. GRISALDI's fingerprints were taken at the time of that arrest. GRISALDI was then fingerprinted again when he went into custody at the Middleton House of Corrections on August 20, 2012. After he was convicted and sentenced, GRISALDI was transferred to MCI Cedar Junction on February 3, 2014, and he was fingerprinted again.

11.     After he completed his state sentences, on March 23, 2018, GRISALDI was transferred to Plymouth County Corrections Center and he was fingerprinted again. GRISALDI was

transferred to ICE custody and ordered removed from the United States. On April 17, 2018, GRISALDI was removed from the United States to the Dominican Republic.

12.     Thereafter, on an unknown date and at an unknown location, GRISALDI reentered the United States without being inspected.  GRISALDI was subsequently encountered by law enforcement in connection with the drug trafficking investigation described above.

13.     On March 24, 2026, law enforcement took GRISALDI's fingerprints when he was encountered in Massachusetts.  GRISALDI's fingerprints taken on March 24, 2026, match the fingerprints taken in connection with his arrest and bookings detailed above prior to his removal from the United States in 2018.  In addition, I have reviewed GRISALDI's prior booking photos, and I believe that those photos, including the photo taken when he was transferred into ICE custody prior his removal in 2018, depicts the same person I have encountered on March 24, 2026, and previously on surveillance in connection with the drug trafficking investigation described above.  On the left, below, is a photograph of GRISALDI taken before his removal in 2018, and on the right is a booking photograph of GRISALDI taken March 24, 2026:

 

14.      On March 24, 2026, post-*Miranda*, law enforcement officers showed GRISALDI the above booking photo from 2018, and GRISALDI admitted that he is the person in that booking photo.

15.      Based on information provided to me by other federal agents, the Department of Homeland Security has no evidence that GRISALDI has ever requested or received the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States following his deportation on April 17, 2018.

## CONCLUSION

16.      Based on the foregoing, there is probable cause to believe that, at an unknown date and at an unknown location prior to March 24, 2026, GRISALDI unlawfully reentered the United States after having been deported on April 17, 2018, without the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Respectfully Submitted,

*Danielle Kruger /by Paul G. Levenson*
DANIELLE KLUGER
Special Agent, DEA

Sworn to by telephone pursuant to Fed. R. Crim. P. 4.1 on ___March 24, 2026___.

Hon. Paul G. Levenson
United States Magistrate Judge

5